HAWTHORNE, Justice.
The defendant, charged in a bill of information with operating a “blind tiger” in the Fifth Ward of St. Tammany Parish, in violation of the provisions of R.S. 26:-711-713, was tried, adjudged guilty, and sentenced to pay a fine of $300 and costs and to imprisonment in the parish jail for three months, and in default of payment of fine and costs to imprisonment in the parish jail for an additional three months. From this conviction and sentence he has appealed to this court.
The appellant has not fully complied with Section 2(1) of Rule 10 of this court, for his brief does not set forth a statement of our appellate jurisdiction as applied to this case. In his brief he quotes the paragraph of Section 10 of Article 7 of the Constitution defining our appellate jurisdiction in criminal cases, but he does not show how the sentence actually imposed in the instant case brings it within our appellate jurisdiction. The offense for which the appellate was convicted is a misdemean- or, and the sentence imposed was a fine of $300 and imprisonment for three months. Consequently under Article 7, Section 10, of the Constitution this court is without appellate jurisdiction as no “fine in excess of three hundred dollars or imprisonment exceeding six months has been actually imposed”.
The record in the instant case reveals that the trial judge revoked the suspension of a six months’ sentence previously imposed upon the appellant for a violation of the same statute. The appellant does not complain of the legality of this prior conviction or the sentence imposed in that case but relies upon four bills of exception taken during the trial for the offense charged, and that first conviction and sentence are not before us in this appeal. In any event, the appellant could not, for the purpose of conferring jurisdiction, cumulate the sentence actually imposed in the instant case with the sentence imposed for the prior conviction.
For the reasons assigned the appeal is dismissed.